ROBERT CARLISLE ET AL. V. CINCINNATI (CITY).

1. DAMAGES FOR APPROPRIATING PROPERTY AND COSTS CANNOT BE INCLUDED IN ASSESSMENT FOR IMPROVEMENT.

An assessment for a street improvement insofar as it includes damages awarded to the property owners, the costs of the suit to assess compensation therefor, or the cost of grading or lowering the street to the new grade is illegal and may be enjoined.

[For other cases in point, see 4 Cyc. Dig., "Eminent Domain," §§ 436-438; 6 Cyc. Dig., "Municipal Corporations," §§ 1639-1645.—Ed.]

2. INCIDENTAL BENEFITS BLENDED WITH INCIDENTAL INJURIES CONSIDERED BY JURY.

In an action to assess damages to abutting property on account of a proposed street improvement, the jury, while disregarding the general benefits which may result to the property, may consider an incidental benefit which is blended with an incidental injury, for the purpose of arriving at the extent of the injury sustained by the property.

[For other cases in point, see 6 Cyc. Dig., "Municipal Corporations," § 1449 et seq.—Ed.]

3. SIGNER OF ORIGINAL PETITION NOT ESTOPPED FROM CONTESTING ASSESSMENT FOR IMPROVEMENT ON SUBSEQUENT PETITION NOT SIGNED BY HIM.

The signing by an abutting owner, of a petition for improvement of a street to a certain grade, does not estop him from contesting the legality of the assessment, where the original petition was referred back to the property owners with the direction to file a new petition for an improvement at a different grade, and the second petition was not signed by the contesting owner.

[For other cases in point, see 4 Cyc. Dig., "Estoppel," §§ 45-60; 6 Cyc. Dig., "Municipal Corporations," §§ 1213-1216, 1279.—Ed.]

[Syllabus approved by the court.]

INJUNCTION.

**Herman Merrell,** for plaintiffs.

**Geo. H. Kattenhorn,** for defendant.

GIFFEN, J.

The questions involved in this case are stated in the brief of counsel for plaintiffs, as follows:

1. Is the assessment legal insofar as it includes the damages awarded to property owners and the costs in the suit to assess compensation to the plaintiffs and others for injuries caused by the improvement.

2. Is the assessment legal insofar as it includes the cost of grading or lowering the street to the new grade?

· 3. What is the effect of the verdict and judgment in the proceeding to assess compensation to plaintiffs, upon the right of the city to make any assessment against plaintiffs' property for the surface improvement?

4. What is the effect of the signing by plaintiffs of the first petition for improvement of the street?

The first question is answered in the negative by the case of *Cincinnati, L. & N. Ry.* v. *Cincinnati,* 62 Ohio St. 465 [57 N. E. Rep. 229].

The second question is answered in the negative, also, by the case of *Thale* v. *Cincinnati,* Court Index, Feb. 4, 1902.

As to the third proposition, the right of an owner of a lot, bounding or abutting upon a proposed improvement, to recover damages by reason of such improvement, is guaranteed by Sec. 19, Art. 1 of the constitution, which provides that, "Such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner." In an action brought by a municipal corporation to assess damages which an abutting lot owner claims he will sustain by reason of a proposed street improvement, the jury may not take into account, in estimating the amount of compensation to be paid to the owner, the general benefits resulting from the surface improvement of the street, yet where an incidental benefit to the lot is blended or connected with an incidental injury to such lot, the benefit may be considered in fixing the compensation to be paid the owner, not by way of deduction from the compensation, but of showing the extent of the injury done the value of the lot. *Cleveland & P. Ry.* v. *Ball,* 5 Ohio St. 568.

Fourth. Where the abutting lot owners petition for the improvement of a street at an established grade, and the petition is by the municipal authorities referred back to the property owners, with directions to file a new petition, which is accordingly done, asking for the improvement at a different grade, a lot owner, not signing the latter petition according to the terms of which the improvement was made, is not estopped to contest the validity of the assessment, although he signed the original petition. *Hayes* v. *Cincinnati,* 62 Ohio St. 116 [56 N. E. Rep. 658].

It follows that the collection of the assessment so far as it include; damages assessed in favor of the plaintiffs and also the cost of excavation to the new grade, should be enjoined, and the balance sustained.

**Jelke** and **Swing, JJ.,** concur.